UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY DUMAS | CIVIL ACTION |
| VERSUS | NO. 04-2199 |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "N" (1) |

ORDER

Before the Court are the cross-motions for summary judgment (Rec. Doc. Nos. 7 & 8) filed in the above-captioned matter. The motions were submitted to the Magistrate Judge for consideration and the issuance of a Report and Recommendations ("R&R"). In the R&R submitted, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. Plaintiff has filed an Objection to the R&R. Upon reviewing the submissions of the parties, the R&R, and the pertinent law, the Court finds that, for the reasons stated by the Magistrate Judge, and for the additional reasons stated herein, the Defendant's motion is well-founded. Accordingly, **IT IS ORDERED** that the R&R shall be and hereby is **ADOPTED AND INCORPORATED** herein. **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED**; that Plaintiff's motion for summary judgment is **DENIED**; and that this matter is **DISMISSED WITH PREJUDICE**.

In his Objection to the R&R, Plaintiff contends that: (1) "[t]he [Administrative Law Judge ('ALJ')] did not properly consider whether Plaintiff's condition met Listing 12.03;" and (2) "[t]he ALJ did not properly consider [Plaintiff's] credibility, because she failed to determine whether

substance abuse was material to Plaintiff's case."

As noted by the Magistrate Judge, Listing 12.03, entitled "Schizophrenic, Paranoid and Other Psychotic Disorders," states that the required level of severity for these disorders is met when both the A criteria and B criteria that are listed are satisfied, or when the C criteria are satisfied. Plaintiff does not argue that he satisfies the C criteria or that the ALJ should have specifically considered such criteria. As for the A and B criteria of Listing 12.03, it is conceded that Plaintiff meets the A criteria. The Commissioner argues, however, that Plaintiff has failed to prove that he satisfies the "B" criteria. Section B of Listing 12.03 requires the Plaintiff to show that his mental disorder results in at least two of the following: "[m]arked restriction in activities of daily living;" "[m]arked difficulties in maintaining social functioning;" "[m]arked difficulties in maintaining concentration, persistence or pace;" or "[r]epeated episodes of decompensation, each of extended duration." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.

In his Objection, Plaintiff states that significant evidence indicates that he meets the requirements of Listing 12.03, and therefore that the ALJ was required to conduct a meaningful analysis to support her finding on whether the requirements were met. Plaintiff contends that this did not occur and that, rather, the ALJ rendered a conclusory statement reflecting her determination. Plaintiff refers to the ALJ's statement that "[P]laintiff does not have an impairment or impairments which meet or equal the criteria of any impairment listed in Appendix I, Subpart P of Regulations No. 4, including section 12.03 based on notes of November 27, 2002 (Ex. B-7F/17)." In support of his position that the ALJ was required to set forth a more in-depth discussion of whether Plaintiff's condition falls under Listing 12.03, he cites certain decisions of this Court and of various circuit courts, which, he argues, indicate that a court is not able to determine whether findings of the ALJ on a certain point are supported by substantial evidence where no reasons or analysis of the evidence

is provided by the ALJ.[1]

Plaintiff further points to evidence that he claims demonstrates that he meets the 12.03(B) requirements. He states that on February 14, 2003, in considering a treatment plan for Plaintiff, his treating psychiatrist determined that he had a Global Assessment of Functioning ("GAF") of 50, with a previous GAF of 45. According to Plaintiff, this score indicates serious limitations of functioning. The treating psychiatrist determined on the same date that Plaintiff had paranoid schizophrenia, which caused problems with his primary support group and social environment. Plaintiff contends that this information contradicts the medical opinions of Dr. Lawrence Guidry, which were relied upon, in part, by the ALJ. Plaintiff further argues that instead of looking to the notes of Plaintiff's treating psychiatrist regarding his treatment plan, which took into account Plaintiff's longitudinal functioning, the ALJ relied on an isolated piece of the record–notes from one particular day. Plaintiff states that the notes from this day represent a temporary upswing in his condition and that their effect is negated by notes made weeks later, which indicated that Plaintiff was often hearing voices, seeing spirits, and having hyper-religious delusions. In sum, Plaintiff asserts that "[w]hat is clear is that a treating opinion on the nature and severity of [Plaintiff's] condition supported disability under listing 12.03, but was not properly considered in the ALJ's decision-making" and that "[t]his deficiency requires rectification upon remand."

In addressing Plaintiff's objections, the Court reiterates and emphasizes that the Court's function in reviewing the Commissioner's decisions with respect to a denial of benefits is limited. The Court *must* affirm the decision of the Commissioner unless it finds that the final

---

[1] Plaintiff cites the following cases on this point: *Dantin v. Apfel*, No. 97-1835 (get WL cite); *Williams v. Chater*, No. 95-1317 (get WL cite); *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); *Scott v. Barnhart*, 297 F.3d 589 (7th Cir. 2002); *Senne v. Apfel*, 198 F.3d 1065 (8th Cir. 1999); *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996).

decision of the Commissioner is not supported by substantial evidence or that the governing legal standards were not appropriately applied. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal citations and quotations omitted). Any conflicts contained in the administrative record are for the Commissioner to resolve, not the courts. *Id*. In sum, judicial review of the Commissioner's decision should be "deferential without being so obsequious as to be meaningless." *Id*. (internal citations and quotations omitted).

As to Plaintiff's contention that the ALJ was required but failed to conduct a meaningful analysis to support her finding on whether the requirements of Listing 12.03 were met, the Court notes that "[p]rocedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1998). While the ALJ's opinion could have been clearer and more explicit, she did provide support for her determination that Plaintiff did not meet the requirements of Listing 12.03, specifically in her brief discussion of Listing 12.03 and more generally in her opinion as a whole. She specifically referenced notes made on November 27, 2002 by personnel at West Jefferson Mental Health Center ("WJMHC"), which indicate that Plaintiff had been going to the library and reading and had gone to a casino. The notes further indicate that the voices that Plaintiff was hearing were decreasing; that he was able to ignore the voices; and that he was not having visual hallucinations.

Though not specifically in a discussion addressing Listing 12.03, in her opinion, the ALJ also noted that in December of 2001, a consulting psychiatrist, who examined Plaintiff, found that Plaintiff showed no evidence of disassociation or flight of ideas; that he was oriented; and that his memory was adequate. She additionally referred to the findings of a state psychologist, who reviewed Plaintiff's files and noted that Plaintiff was moderately mentally impaired but nevertheless

still able to remember and perform simple instructions and some semi-complex instructions and to sustain attention for two hours at a time. Further, the ALJ spent almost a page of her decision discussing why she did not consider Plaintiff credible. The foregoing findings of the ALJ support her conclusion that Plaintiff did not have marked restrictions in his daily living or marked difficulties in social functioning or with concentration. Further, such findings are supported by substantial evidence contained in the record, as demonstrated by the discussion of the Magistrate Judge in the R&R. The Court notes that although Plaintiff criticizes the ALJ's failure to specifically mention WJMHC notes that followed the November 27, 2002 notes relied on by the ALJ, the notes that Plaintiff claims should have been considered indicate that Plaintiff had been off of his medication for a while.[2]

       As to Plaintiff's assertion that the ALJ improperly failed to consider the opinion of his treating physician, which, he contends supports a finding that Plaintiff's condition satisfies the 12.03 criteria, the Court agrees with the findings and conclusions of the Magistrate Judge. The Court would add only that the February 14, 2003 "treatment plan" notes of Plaintiff's treating physician that Plaintiff contends the ALJ should have relied on in its finding with respect to Listing 12.03 do not contradict the findings of the ALJ or any of the evidence that upon which she relied. The "treatment plan" notes contain only general and conclusory information, with no analysis, and no specific discussion of Plaintiff's limitations.[3] The information contained therein is not unique,

---

[2]As recognized by the Magistrate Judge, "[i]f an impairment can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability." *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988). The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's conclusion that Plaintiff's condition responded well to medication.

[3]The February 14, 2003 notes only provide that Plaintiff has paranoid schizophrenia, is cocaine dependent, and has problems with his primary support group, problems with his social environment, and problems with education. As for his GAF, Plaintiff's physician provides no

as similar general information can be found throughout the record, and it does not support a finding one way or the other with respect to whether Plaintiff's condition meets the Listing 12.03 criteria. Accordingly, the Court finds that the February 14, 2003 physician notes lend nothing to a 12.03 analysis and that Plaintiff has not been prejudiced by the ALJ's failure to make specific reference to them. For the foregoing reasons, the Court finds that the first objection identified by Plaintiff in his Objection to the R&R does not warrant remand.

Plaintiff's second objection raised, that "[t]he ALJ did not properly consider [Plaintiff's] credibility ... because she failed to determine whether substance abuse was material to Plaintiff's case" is without merit. In support of his objection, Plaintiff cites 20 C.F.R. § 416.935(a), which states: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). Plaintiff's reliance on this provision with respect to the propriety of the ALJ's credibility determination is misplaced. The ALJ did not find that Plaintiff was disabled. Therefore, there was no need, under section 416.935 to determine whether drug addiction or alcoholism contributed to any disability. Further, the Court notes that the ALJ cited several specific inconsistencies not attributed to drug abuse that contributed to his determination that Plaintiff lacked credibility. Accordingly, the Court finds that Plaintiff's second objection does not warrant remand.

For all of the foregoing reasons and for the reasons provided by the Magistrate Judge in her R&R, and as stated above, **IT IS HEREBY ORDERED** that the Commissioner's motion for summary judgment is **GRANTED;** that Plaintiff's motion for summary judgment is **DENIED**; and that Plaintiff's Complaint be and hereby is **DISMISSED WITH PREJUDICE**. **IT IS FURTHER**

---

explanation as to what Plaintiff's score might indicate about his functioning or abilities.

**ORDERED** that the Magistrate Judge's R&R is adopted by the Court and is incorporated herein by reference for the purpose of providing applicable legal standards, and for further analysis of plaintiff's claims.

New Orleans, Louisiana, this  11th  day of September, 2006.

                                            **Kurt D. Engelhardt**
                                            **United States District Judge**